**In re Anonymous No. 1 D.B. 76**

Disciplinary Board Docket no. 1 D.B. 76.

UNKOVIC, *Board Member,* April 20, 1977 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Following an investigation by disciplinary counsel into alleged misconduct by respondent, [ ], concerning neglect of a bankruptcy matter and misrepresentations to his client with respect to the same, a letter was mailed to respondent on September 4, 1975, setting forth the allegations and giving him an opportunity to state his position. No reply was received and on September 25, 1975, a letter reminding him of his opportunity to respond was mailed to him. No answer was received by October 7, 1975, and the matter was referred to a reviewing member who recommended that an informal admonition be given to respondent. Respondent was scheduled to receive the informal admonition on Monday, November 17, 1975, in the [ ] office of the Disciplinary Board. Respondent failed to appear and did not attempt to contact disciplinary counsel to offer an excuse. On January 12, 1976, a petition for discipline was filed consisting of two charges, the first being the misconduct concerning the bankruptcy matter and the second being respondent's failure to appear for his informal admonition. No answer was filed and the matter was referred to hearing committee [ ] consist-

ing of [ ]. The hearing was held on March 29, 1976, at which time respondent did appear. He was not represented by counsel. The committee filed its report on November 2, 1976, recommending a private reprimand. No exceptions were filed to the report and the matter was referred to this board for review and recommendation.

## II. DISCUSSION

The findings of fact by the hearing committee are supported by the evidence and are adopted by this board as its own. Essentially they are not in dispute and can be summarized as follows:

Respondent was retained by [A] in April, 1972, to represent him in a bankruptcy proceeding. By February, 1974, he had received a total of $300 from his client for his fee. Between that time and June, 1975, respondent repeatedly advised [A] that the papers had been filed and that a hearing had been scheduled but was cancelled for various reasons. In fact, the petition had never been filed and no hearing had ever been scheduled. The petition in bankruptcy was not filed until November 18, 1975, one day after respondent was to appear for his informal admonition. The hearing committee concluded that respondent's actions in the [A] matter violated Disciplinary Rule 1-102(A)(4) (misrepresentations to a client) and also Rule 6-101(A)(3) (neglect of a legal matter). The committee also concluded that respondent's failure to appear for his informal admonition violated Disciplinary Rules 1-102(A)(1) (violating a disciplinary rule) and 1-102(A)(6) (conduct adversely reflecting upon fitness to practice law). The board concurs in these conclusions.

At the hearing, respondent acknowledged that he had been at fault. In mitigation, he testified that he

had consulted a psychologist who found him to be in a depressed state which affected his ability to act. In addition, his wife had advised him that she was considering the possibility of a separation and divorce on the weekend immediately preceding the Monday he was to appear for his informal admonition. However, since respondent was required to go from [city B] to [city C] to receive his informal admonition, it is difficult to accept his excuse based upon his discussions with his wife that weekend which he stated came up unexpectedly. If he had planned to go to [city C] at all, certainly he would have made plans in advance of the weekend. The board accepts as more accurate respondent's statement that he hoped the whole thing would go away if he would complete the [A] matter.

The record also establishes that on December 17, 1974, respondent received an informal admonition from disciplinary counsel for neglect and delay in the handling of an estate. At that time, he was requested to conclude the matter and to keep the office of disciplinary counsel informed of his progress. Respondent failed to act diligently in the settlement of the estate after receiving the informal admonition and failed to respond to inquiries from disciplinary counsel, the court and his client concerning the same, as a result of which he received a second informal admonition on January 12, 1976.

The hearing committee was impressed by respondent's ultimate cooperation at the hearing, his professed recognition of his misconduct and the personal problems he had at the time and recommended that he receive a private reprimand. It is the opinion of the majority of this board, however, that public censure should be imposed. Respondent received an informal admonition in December, 1974. In the following months, respondent failed to

proceed with the settlement of the estate involved as he had promised to do and ignored repeated requests for information from his client and the office of disciplinary counsel throughout the year 1975. In September, 1975, he received notice of the allegations concerning [A] and failed to respond to these as well as to appear for the informal admonition that was subsequently recommended. Ultimately, in January, 1976, he did appear for the second informal admonition arising out of the estate matter and in March appeared at the hearing on the [A] matter. In view of respondent's demonstrated attitude towards the disciplinary system, it is felt that the only way that a lasting impression can be made upon respondent with respect to his obligations and duties as an attorney is to receive censure from your honorable court. In addition, because the imposition of discipline is primarily for the protection of the public, it is the board's opinion that a public record of respondent's transgressions should be established so that existing and potential clients are made aware of his past conduct and inactivity.

## III.   RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent be publicly censured pursuant to Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement.

## ORDER

EAGEN, *C.J.*,—And now, May 3, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated April 20, 1977, are approved; and it is ordered and decreed,

that said respondent be subjected to public censure by the Supreme Court, as provided in Rule 204(3) of the Rules of Disciplinary Enforcement, at the session of this court commencing September 26, 1977, at Pittsburgh.